UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **KAREN JOHANA JASI,**<br>    **Plaintiff**,<br><br>vs.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT(ICE); EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR),**<br>    **Defendants**. | Case No**.** |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

The plaintiff, Karen Johanna Jasi, an alien seeking records about herself and held by U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and Executive Office for Immigration Review ("EOIR"), and brings this action under the Freedom of Information Act, 5 U.S.C. §552 as amended ("FOIA") or alternatively, the Administrative Procedure act, 5 U.S.C. §§701-706 ("APA"), against the ICE for its failure to make a determination within the statutory time limit on four FOIA requests made by the plaintiff on May 1, 2023.

**JURISDICTION**

1. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Administrative Procedure Act (APA), 5 U.S.C. §§701, *et seq*. against the defendants for violations of those statutes.

2. This Court has jurisdiction under 5 U.S.C §552(a)(4)(B) (FOIA), and 28 U.S.C. §§1331 (federal question), 1346 (U.S. government defendant), and may grant relief pursuant to 5 U.S.C. §552 (FOIA), and 28 U.S.C. §2201-02 (Declaratory Judgment Act).

1

## VENUE

3.  Venue properly lies in this District pursuant to 28 U.S.C. § 1391(e)(1) in that this is an action against U.S. officers in their official capacity brought in the district where "a defendant in the action resides." 28 U.S.C. §§ 1391(e)(1)(A).

## EXHAUSTION OF REMEDIES

4.  There are no administrative remedies available that the plaintiff is required to exhaust under *Darby v. Cisneros*, 509 U.S. 137 (1993).

## PARTIES

5.  The plaintiff, Karen Johana Jasi is an alien seeking copies of her personal records held by USCIS, ICE, and EOIR. She has been issued A# 200-215-573. She is a native and citizen of Argentina. Her date of birth is June 1, 1992.

6.  The defendant, the U.S. Citizenship and Immigration Services ("USCIS"), is an agency within the Department of Homeland Security. USCIS is the federal agency responsible for creating and storing some of the records and documents that are the subject of the FOIA requests that are at issue in this complaint and is responsible for the violations of the FOIA that are alleged in this complaint.

7.  The defendant, the U.S. Immigration and Customs Enforcement (ICE), is an agency within the Department of Homeland Security. ICE is the federal agency responsible for creating and storing some of the records and documents that are the subject of the FOIA requests that are at issue in this complaint and is responsible for the violations of the FOIA that are alleged in this complaint.

8.  The defendant, Executive Office for Immigration Review ("EOIR"), is an agency within the Department of Justice. EOIR is the federal agency responsible for creating and storing some of the records and documents that are the subject of the FOIA requests that are at issue in this complaint and is responsible for the violations of the FOIA that are alleged in this complaint

## STATUTORY BACKGROUND

9. The FOIA's basic purpose is to facilitate government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld under one of nine narrowly construed FOIA exemptions. 5 U.S.C §§552(b)(1)-(9).

10. The FOIA imposes simple, but rigorous, and strict deadlines on federal agencies when they receive a request for records under the FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requestor of its determination within twenty business days of receiving the request, and it must make the records available "promptly," unless it can establish that certain unusual circumstances are present or that it may lawfully withhold records, or portions thereof, from disclosure. *Id*. §§552(a)(3)(A), (a)(6). Also, within twenty business days, the agency must inform the requestor that it has a right to appeal the agency's determination.

11. The FOIA places the burden on the agency to prove that it may withhold responsive records from a requestor. §552(a)(4)(B).

12. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that they are required to make by §552(a)(6)(A)(i).

13. Predictable agency workload of requests under the FOIA is not a lawful justification. §552(a)(6)(C)(i).

14. An agency may toll the twenty business-day deadline for up to ten days to seek additional information from a requestor. §552(a)(6)(A)(ii).

15. An agency may extend the twenty business-day deadline for an additional ten business days by giving a written notice to the requester that sets forth "unusual circumstances" that justify a deadline extension, and providing the date by which the agency expects to make the determination. §552(a)(6)(B).

16. However, the agency must provide the requestor "an opportunity to limit the scope of the request so that it may be processed within" twenty business days or "an opportunity to arrange with the agency an alternative time frame for processing the request or modified request." §552(a)(6)(B)(ii).

17. The FOIA requires each agency to make "reasonable efforts to search for records" in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. §§552(a)(3)(C)-(D).

18. The FOIA does not allow for the assessment of fees in a case of the agency failing to comply with the statutory time limits. §552(a)(4)(A)(viii)(I).

19. The FOIA requires federal agencies to expeditiously disclose requested records, and mandates a policy of broad disclosure of government records. Any inquiry under the FOIA brings with it a strong presumption in favor of disclosure.

20. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." §552(a)(4)(B).

21. The U.S. district courts also have the power to maintain jurisdiction over any disclosure made during litigation to test for the adequacy of such disclosures. *Crooker v. Tax Div. of DOJ*, No. 94-30129, 1995 WL 783236, at *8 (D. Mass. Nov. 17, 1995).

## RELEVANT FACTUAL BACKGROUND

22. The plaintiff came to the United States when she was seven years old and resided here continuously until she left the country under an order of voluntary departure in 2010.

23. On November 4, 2021, after being outside the United States for over ten years, the plaintiff reentered the United States without inspection.

24. The plaintiff was detained by ICE and permitted to file an application for Stay of Removal; which was granted.

25. The plaintiff has been told by ICE that at her next check-in date in May 2024, that she must appear with the ticket for departure from the United States.

26. The plaintiff is potentially eligible for relief from deportation if she is able to timely review the records she is seeking held by USCIS, ICE, and EOIR.

27. On February 20, 2023, the plaintiff filed a FOIA request with USCIS. Exh. A.

28. On February 21, 2023, the plaintiff filed a FOIA request with EOIR. Exh. B.

29. On May 1, 2023, the plaintiff filed a FOIA request with ICE. Exh. C.

30. The plaintiff has not received any communication in relation to her three FOIA requests since the date she filed such requests.

## CLAIM FOR RELIEF
### COUNT I: USCIS
**Violation of FOIA: Failure to Comply with Statutory Deadlines**

31. The allegations in paragraphs 1-30 are realleged and incorporated herein.

32. USCIS has failed to make a determination regarding the plaintiff's FOIA request for over 7 months and has therefore violated the deadlines under 5 U.S.C. §§552(a)(6)(A)(i), (a)(6)(E)(ii)(I).

33. The plaintiff has constructively exhausted all applicable administrative remedies as a matter of law under 5 U.S.C. §552(a)(6)(C)(i).

### COUNT II: ICE
**Violation of FOIA: Failure to Comply with Statutory Deadlines**

34. The allegations in paragraphs 1-30 are realleged and incorporated herein.

35. ICE has failed to make a determination regarding the plaintiff's FOIA request for over 5 months and has therefore violated the deadlines under 5 U.S.C. §§552(a)(6)(A)(i), (a)(6)(E)(ii)(I).

36. The plaintiff has constructively exhausted all applicable administrative remedies as a matter of law under 5 U.S.C. §552(a)(6)(C)(i).

## COUNT III: EOIR

### Violation of FOIA: Failure to Comply with Statutory Deadlines

37. The allegations in paragraphs 1-30 are realleged and incorporated herein.

38. USCIS has failed to make a determination regarding the plaintiff's FOIA request for over 7 months and has therefore violated the deadlines under 5 U.S.C. §§552(a)(6)(A)(i), (a)(6)(E)(ii)(I).

39. The plaintiff has constructively exhausted all applicable administrative remedies as a matter of law under 5 U.S.C. §552(a)(6)(C)(i).

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff prays that this Honorable Court grants the following relief:

(a) Assume jurisdiction over this matter;

(b) Declare that the defendants have violated the FOIA by failing to timely make a determination on all of the plaintiff's request for agency records;

(c) Compel the defendants to immediately make a determination on all of the plaintiff's requests for agency records;

(d) Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e) Award costs, and attorney's fees under 5 U.S.C. §552(a)(4)(E)(i), and on any other basis justified under law; and

(f) Grant any other and further relief that the Court deems just and proper.

Dated: October 5, 2023,	Respectfully submitted,

<u>/s/ David A. Garcia</u>
David A. Garcia
Fla. Bar No. 1015673
David Anthony Garcia PA
739 Washington Ave, Suite 909
Homestead, FL 33030
Dir.: (305) 319-1309

*Attorney for Plaintiff*